UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| WILLIE LOWE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6:09-CV-424-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JAILER TONY BALL, ET AL., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

Willie Lowe is currently incarcerated in the Clay County Detention Center, in Manchester, Kentucky. He has submitted a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983, and has now submitted financial information in support of an accompanying Motion to Proceed *in forma pauperis*. That Motion will be addressed in a separate Order.

The Complaint is now before the Court for initial screening.[1] 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, the Court will dismiss the Complaint without prejudice.

**I.**

Plaintiff's Complaint consists of his handwritten responses to questions on a form complaint. He complains of conditions at the McCreary County Detention Center ("MCDC"), in Whitley City, Kentucky, where he was apparently incarcerated from November 1st to December 1st of 2009. Lowe names as the Defendants the MCDC Jailer Tony Ball and a jail inspector

---

[1] A *pro se* pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

located in Somerset, Kentucky, by the name of Mike Coomer.

In the complaint's space for presenting "the **FACTS** of your case" (emphasis in the original), Lowe has written as follows:

1. Due to overcrowdedness [sic] we have state and country prisoners mixed together.

2. Keep us locked down in the drunk tank more than 2 week at a time with no exercise time.

3. No maintanance [sic] position held here causing danger to inmates exposed to electrical wires exposed hanging out of walls. No running water in cells no water of any kind to drink leading water around comodes [sic] causing slip hazzards [sic] in Tank 1.

4. No access to leagal [sic] library.

5. Having to go up to 3 or 4 days without showers in the tanks.

6. Holding inmates 3-4 weeks without arrainment [sic] can't go before a judge.

[R. 2 at p. 2-3.] These are the only allegations.

The Court construes the Plaintiff's allegations as asserting a claim that he is being denied access to the Court in violation of the U.S. Constitution's First Amendment and that he is being subjected to cruel and unusual punishment in violation of the Eighth Amendment. The Plaintiff demands damages for himself and other inmates, and injunctive relief in the form of repairs to the MCDC.

**II.**

There is a glaring omission in the middle of Lowe's Complaint. He has not completed a large section of the complaint form before signing his name. [R. 2.] He has failed to respond to any questions on the four pages of the form inquiring into his use of any available administrative remedies for raising these problems to jail personnel prior to coming to court. [*Id.* at 4-7.]

2

Ordinarily, the Court would ask a prisoner-plaintiff to demonstrate exhaustion of administrative remedies within the next thirty (30) days, as exhaustion is statutorily required prior to filing a lawsuit about prison conditions.  42 U.S.C. § 1997e(a).  If the plaintiff failed to demonstrate exhaustion, then his cause of action would be barred and his Complaint would be dismissed.  *See Jones v. Bock*, 549 U.S. 199 (2007); *Sharpe v. Idemudia*, No. 2:07-14386, 2008 WL 2607822, at *5 (E.D. Mich., June 30, 2008) (not reported).  The dismissal would be without prejudice to his bringing another suit after proper exhaustion.

However, another portion of the statute provides that the court may dismiss the underlying claims rather than requiring exhaustion, if the claim is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted. . . ."  42 U.S.C. § 1997e(c)(2).  This provides an alternative basis for dismissal of this case.  Therefore, even if the instant Plaintiff demonstrated that he had exhausted whatever remedies prisoners have at the MCDC, his complaint would be dismissed for other reasons.  One reason is that the Plaintiff has failed to state a factual basis for naming Ball and Coomer as Defendants in this civil rights action, *i.e.*, he failed to allege what each one did to personally to deprive him of his rights.

In order to find supervisory personnel liable, a plaintiff must allege that they condoned, encouraged or participated in the alleged unconstitutional conduct.  *Berrill v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989).  Further, "the law is clear that liability of supervisory personnel must be based on more than merely the right to control."  *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994) (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied*, 469 U.S. 845 (1984)); *Hayes v. Jefferson County, Kentucky*, 668 F.2d 869, 872 (6th Cir. 1982).  The instant Plaintiff has not described any conduct on the part of Ball or Coomer.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner,* 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir.1979) (citation omitted). In short, the Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir.1975).

Another fatal omission is Lowe's failure to allege that he was injured by any of the conditions imposed on him at the MCDC. The law is that unless a person has experienced an actual injury, the person is without standing to assert a civil rights claim. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992); *Valley Forge Christian College v. Americans United for Separation of Church and State*, 454 U.S. 464, 471 (1982); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995). If a party does not have standing to bring an action under Article III of the Constitution, a court must issue an order of dismissal, as it has no jurisdiction over the matter. *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 715 (6th Cir. 1995) (citing *DeBolt v. Espy*, 47 F.3d 777, 779 (6th Cir. 1995)).

As to Lowe's specific complaint that there was no law library at the MCDC while he was there, Plaintiff is advised that a law library is not constitutionally mandated. In *Knop v. Johnson*, 977 F.2d 996 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1415 (1993), the Sixth Circuit has defined "access to courts" as follows:

> For adult prisoners . . . access to the courts need not entail access to an attorney; access to an adequate law library, or to paralegal personnel with access to such a library, is sufficient.

*Id.* at 999.

Additionally, even if he had no legal assistance, a plaintiff fails to state a claim of First Amendment denial of right of access to courts unless he shows actual prejudice to the underlying litigation, a variation of the actual injury requirement. *Id.* at 1009*; see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In this case the plaintiff does not show that there has been prejudice to any litigation as a result of the complained of acts. Consequently, he has not effectively set forth an access to the courts claim.

With regard to the other complained-of conditions, the Eighth Amendment as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners and its prohibition extends to prisoners' conditions of confinement. *Wilson v. Seiter*, 501 U.S. 294 (1991); *Whitley v. Albers*, 475 U.S. 317 (1986). However, not every unpleasant experience a prisoner might endure constitutes cruel and unusual punishment. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam). Conditions of confinement that are restrictive or harsh are not necessarily unconstitutional, but merely part of the penalty that criminal offenders must pay. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Ivey*, 832 F.2d at 954.

Moreover, an Eighth Amendment analysis requires "both an objective component (was the deprivation sufficiently serious?) and a subjective component (did the officials act with a sufficiently culpable state of mind?)." *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992); *see also Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Even if the conditions were objectively offensive, the prisoner would also have to show that he or she endured it for a sufficiently long period of time, which the instant Plaintiff does not do. *See Wilson v. Seiter*, 501 U.S. at 298.

Additionally, Plaintiff Lowe utterly fails to allege or otherwise suggest that either Ball or Coomer were subjecting him to the complained-of conditions purposefully, in order to punish him. *See Hutto v. Finney*, 437 U.S. 678, 686-87 (1978).

### III.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Willie Lowe's Complaint will be **DISMISSED** for failure to exhaust his administrative remedies prior to filing this cause of action and for his failure to state a claim upon which the Court may grant relief; and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 22nd day of March, 2010.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge